3:        IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                     DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | \| |
| | \| |
| v. | \|   NO. 3:15-CR-227-L |
| | \| |
| BENJAMIN EARNEST NICHOLS | \| |

### UNOPPOSED MOTION TO HAVE CASE DECLARED COMPLEX AND FOR A CONTINUANCE OF THE TRIAL DATE

1.      The United States of America respectfully files this unopposed motion to have this case declared complex under the provisions of 18 U.S.C. §3161(h)(7)(B)(ii) and to continue the date for the trial of this case from its current setting of September 14, 2015, to a date on or after November 16, 2015.   The government also requests that this Honorable Court continue all of the related pretrial deadlines.   Granting a continuance would best serve the ends of justice and the public pursuant to 18 U.S.C. §3161(h)(7)(A).   The failure to grant a continuance would result in a miscarriage of justice pursuant to 18 U.S.C. §3161(h)(7)(B)(i).   In support thereof, the government shows this Honorable Court the following:

### BACKGROUND

2.      The trial in this case is currently set for September 14, 2015.   A Federal Grand Jury returned a two count indictment on May 20, 2015, charging defendant Nichols with violations of 18 U.S.C. § 1512(k) (18 U.S.C. §§ 1512(b)(1), 1512(b)(2)(A), and 1512(d)(1)) (Conspiracy to Tamper with a Witness or Informant) and 18 U.S.C. § 1513(f)

(18 U.S.C. § 1513(e)) (Conspiracy to Retaliate Against a Witness or Informant).  Nichols was arrested on July 1, 2015 in Oklahoma, where he currently resides.  On or about July 9, 2015, Nichols appeared in the Northern District of Texas.  Magistrate Judge Stickney appointed Kevin Ross to represent Nichols.  Nichols was release on conditions of release.

3.     The government anticipates that its case in chief will last approximately five days. The government will be in a better position to estimate the length of trial when it begins its trial preparation.

## REASONS FOR DECLARING CASE COMPLEX

4.     This case is "complex" within the meaning of the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(B)(ii), due to the number of the coconspirators, the nature of the prosecution, and the volume and complexity of evidence relied upon to prove the offense conduct.  It is unreasonable to expect that the Mr. Ross can adequately review the discovery, competently advise his out-of-state client, and meaningfully prepare for trial by September 14, 2015. The government anticipates that the defense would need several months to adequately prepare for a trial.

5.     This case is "complex" within the meaning of the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(B)(ii).  The nature of the prosecution in this case requires a full understanding offense conduct facts and full discovery of the evidence in the underlying case.

## Offense Conduct Summary:

6.     The obstructive behavior charged in the Indictment is associated with the case of

*United States v. Jesse McGraw*, 3:09-CR-210-B.  McGraw was employed by United Protective Service (UPS) in Dallas, Texas.    McGraw worked as a contract security guard at the North Central Medical Plaza (NCMP) on North Central Expressway in Dallas.   The NCMP housed medical offices and surgery centers, to include the W.B. Carrell Memorial Clinic and the North Central Surgery Center.   McGraw primarily worked the night shift, from 11:00 p.m. to 7:00 a.m.   McGraw also was the leader of a hacking group called Electronik Tribulation Army (ETA).   Nichols and some of the coconspirators were members of the ETA.

7. In June 2009, a Cooperating Witness (CW) advised law enforcement that Jesse McGraw had accessed without authorization the network of the NCMP.   The CW was a network security researcher who operated a blog.   On June 27, 2009, McGraw was arrested on a Criminal Complaint for accessing without authorization the NCMP's network, in violation of 18 U.S.C. § 1030(a)(5)(A) and § 1030(c)(4)(B)(i)(II) and (IV).   A two count indictment was returned in July 2009 charging McGraw with two counts of unauthorized access to a protected computer.   In February 2010, McGraw reneged on a plea agreement, and a superseding indictment was returned in March 2010, charging McGraw with fourteen counts of unauthorized access to a protected computer.   In May 2010, during the week prior to the scheduled trial date of May 24, 2010, McGraw pled guilty without a plea agreement to the initial two count indictment.   After conducting a lengthy sentencing hearing on March 17, 2011, Judge Boyle sentenced McGraw to 110 months incarceration.

8.     Shortly after McGraw's arrest, the CW admitted in his blog that he was the CW.   In February/March 2010, shortly after McGraw reneged on his plea agreement, the CW again contacted LE to advise that he was being intimidated and harassed with acts of retaliation.

9.     Upon investigation, FBI determined that Nichols and other individuals associated with McGraw had been and were involved in conduct to intimidate and harass the CW, from at least October 2009 through and including September 2010, to retaliate against his providing information to law enforcement, and to prevent the CW from appearing and testifying at McGraw's trial or sentencing hearing.

## Discovery Issues:

10.    Some of the evidence subject to discovery will be digital data which was forensically obtained from data storage devices (computers, laptops, hard drives, thumb drives, etc.).    The data storage devices were either voluntarily produced by individuals or seized pursuant to search warrants.   The volume of the data is extensive and will take some time for the defense to review.   The undersigned represents by this motion that the volume of this evidence exceeds 6 terabytes of data, and has not yet been produced to the defense.    Also, once this data is produced to Mr. Ross, he will need to have it processed. The North Texas Regional Computer Forensics Lab is currently copying the data to hard drives provided by Mr. Ross.   The government expects the copying process to be complete within the next week.

## ADDITIONAL REASONS FOR A CONTINUANCE

11.    Regardless of the finding of "complexity," the following reasons support the

requested continuance:

    a.    The volume of evidence obtained from searches, subpoenaed sources, the detention center (recorded phone calls from McGraw), and the victim is extensive; time is needed to review and analysis the evidence.

    b.    The government anticipates at least another week to complete the copying of the data from the data storage devices to the hard drives provided by the defense.

    c.    Expert witnesses may be needed to testify at trial, and additional time is needed to locate and retain experts, and permit the experts to review any relevant documents.

    d.    The undersigned had/has the following conflicts in 2015:

        (i)    A trial in *United States v. Fleifel*, 3:12-CR-318-D, which began on July 13, 2015 and ended on July 27, 2015.

        (ii)    A training (and teaching) event out of the office from August 20, 2015 through August 28, 2015.

        (iii)    Prepaid travel from October 23, 2015 through November 2, 2015.

        (iv)    A trial setting in *United States v. Daniels*, 3:11-152-L, scheduled to start on December 7, 2015, and expected to last 10 days.

        (v)    A trial set in *United States v. Chilson*, 3:15-CR-065-L, scheduled to start on January 14, 2016, and expected to last 14 days.

12.    The United States respectfully requests that this Court (a) issue a written order declaring that this case is a "complex" case within the meaning of 18 U.S.C. §3161(h)(7)(B)(ii) and finding that the "ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial"

**and for a Continuance of the Trial Date --   Page 5**

pursuant to 18 U.S.C. §3161(h)(7)(A), (b) vacate the current trial setting and related deadlines, (c) reset the case for a trial date on or after **November 16, 2015**, and (d) issue a new pretrial scheduling order with new pretrial deadline dates consistent with the new trial date.

13.  If further information is needed by the Court, the United States respectfully requests that this Court schedule a status conference to assist the Court in setting a realistic trial date.

>  Respectfully submitted,
>
>  JOHN R. PARKER
>  United States Attorney
>
>  *s/ Candina S. Heath*
>  CANDINA S. HEATH
>  Assistant United States Attorney
>  candina.heath@usdoj.gov
>  Texas State Bar. No. 09347450
>  1100 Commerce Street, 3d Floor
>  Dallas, Texas   75242
>  Tel: 214.659.8600 Fax: 214.659.8812

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 30, 2015, and thereafter, I advised that Benjamin Nichols' attorney Kevin Ross of my intent to file this motion.   He did not oppose a continuance of the trial date or the related pretrial deadlines.

>  *s/ Candina S. Heath*
>  CANDINA S. HEATH
>  Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2015, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to Kevin Ross, who consented in writing to accept this Notice as service of this document by electronic means.

*s/ Candina S. Heath*
CANDINA S. HEATH
Assistant United States Attorney