IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:15-CR-227-L |
| BENJAMIN EARNEST NICHOLS (1) | |

## PLEA AGREEMENT

Benjamin Earnest Nichols (Nichols), the defendant's attorney Kevin B. Ross, and the United States of America (the government), agree as follows:

1. **Rights of the defendant:** Nichols understands that he has the rights
    a. to have this matter presented to a grand jury for indictment;
    b. to be tried in the district in which the crime took place;
    c. to have the charges brought within the statutory period of limitations;
    d. to plead not guilty;
    e. to have a trial by jury;
    f. to have his guilt proven beyond a reasonable doubt;
    g. to confront and cross-examine witnesses and to call witnesses in his defense; and
    h. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty:** Nichols agrees to waive these rights and plead guilty to an Information charging Intentional Damage to a Protected Computer, in violation of 18 U.S.C. § 1030(a)(5)(A) and 18 U.S.C. § 1030(c)(4)(A)(i)(I) and (B). Nichols understands the nature and elements of the crime to which he is pleading guilty, and agrees that the Factual Résumé he has signed is true and will be

submitted as evidence. Nichols specifically, knowing, and intelligently waives any objection or claim that may exist as to venue or to the statute of limitations, and agrees that the Superseding Information may be filed out of time and in a district other than where the crime occurred.

3. **Sentence:** The maximum penalties the Court can impose upon a plea of guilty to the Information include:

   a. imprisonment for a period not to exceed 10 years;
   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);
   c. a mandatory term of supervised release of not more than 3 years, which must follow any term of imprisonment. If Nichols violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;
   d. a mandatory special assessment of $100;
   e. restitution to victims or to the community, which may be mandatory under the law, and which Nichols agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and
   f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines:** Nichols understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Nichols has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Nichols will not be allowed to withdraw his plea if his sentence is higher than expected. Nichols fully understands that the actual sentence

Nichols Plea Agreement - Page 2

imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment:** Nichols agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement:** Nichols shall give truthful and complete information and/or testimony concerning his participation in the offense of conviction. Upon demand, Nichols shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Nichols expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. Nichols fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Nichols understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Government's agreement:** The government will not bring any

additional charges against Nichols based upon the conduct underlying and related to his plea of guilty. The government will move to dismiss the original Indictment as to Nichols after sentence is imposed. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Nichols or any property.

8. **Violation of agreement**: Nichols understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Nichols for all offenses of which it has knowledge. In such event, Nichols waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Nichols also waives objection to the use against him of any information or statements he has provided to the government, including any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge or seek reduction in**

**sentence:** Nichols waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. He further waives his right to seek any future reduction in his sentence (e.g., based on a change in sentencing guidelines or statutory law). Nichols, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment that is applicable at the time of his initial sentencing, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, or (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel:** Nichols has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Nichols has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Nichols has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement:** This document is a complete statement of the parties' agreements and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises,

representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

APPROVED:

_____  2/23/16
KATHERINE A. MILLER    Date

JOHN R. PARKER
UNITED STATES ATTORNEY

_____  2/19/2016
CANDINA S. HEATH    Date
Assistant United States Attorney
Texas State Bar No. 09347450
1100 Commerce Street, Third Floor
Dallas, Texas   75242-1699
Tel:   214-659-8600
Fax: 214-767-2846
candina.heath@usdoj.gov

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney(s). I fully understand it and voluntarily agree to it.

_____  3-3-2016
BENJAMIN EARNEST NICHOLS    Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with my client. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____  3-7-2016
KEVIN B. ROSS    Date
Attorney for Defendant

Nichols Plea Agreement - Page 6