IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:15-CR-227-L |
| BENJAMIN EARNEST NICHOLS (1) | |

## FACTUAL RÉSUMÉ

Benjamin Earnest Nichols (Nichols), the defendant's attorney Kevin B. Ross, and the United States of America (the government) agree as follows:

**Elements:**

In order for **Nichols** to be convicted at trial of a violation of 18 U.S.C. § 1030(a)(5)(A) (18 U.S.C. § 1030(c)(4)(A)(i)(I) and (B)), the United States would have to prove each of the following elements of the offense beyond a reasonable doubt:

First: **Nichols** knowingly caused the transmission of a program, information, code, or command to a protected computer;

Second: **Nichols**, as a result of said conduct, intentionally caused damage to a protected computer without authorization; and

Third: The conduct caused loss during any one-year period of an aggregate value of $5,000.00 or more.

**Facts:**

1. On June 27, 2009, Jesse McGraw was arrested on a criminal complaint charging him with accessing the protected computers in a medical facility without authorization, in violation of 18 U.S.C. § 1030(a)(5)(A). On July 22, 2009, a federal grand jury in the

Northern District of Texas returned a two count Indictment charging McGraw with transmitting a malicious code, in violation of 18 U.S.C. § 1030(a)(5)(A).[1] At the time of McGraw's criminal conduct, he was the self-proclaimed leader of a hacking group called the Electronik Tribulation Army (ETA). At some period of time prior to the return of McGraw's Indictment, Nichols, WG, KG, and individuals identifying themselves as qt and Mr^E were members of ETA.

2. Prior to McGraw's arrest, Nichols understands that the following occurred: In June 2009, McGraw accessed the medical facility computers without authorization in order to transmit a program, code, or command, to facilitate his ability to remotely access and control the computers. McGraw intended to cause the remotely controlled medical facility computers to participate in a distributed denial of service (DDOS) attack on a rival hacker group.

3. Between September 2009 and July 2010, McGraw was in custody, so all of his communications were from the detention center at FCI Seagoville. McGraw communicated to others his belief, and the belief of some of the members of ETA, that RWM was a government informant and was "responsible" for alerting the Federal Bureau of Investigation about McGraw's unauthorized access of the medical facility's computers.

---

[1] McGraw initially signed plea papers, but then withdrew his guilty plea and demanded a trial. On March 24, 2010, a federal grand jury returned a fourteen count Superseding Indictment, each count charging a violation of 18 U.S.C. § 1030(a)(5)(A). On May 14, 2010, McGraw pled guilty without a plea agreement to the original Indictment. On March 22, 2011, McGraw was sentenced to 110 months on each count, to run concurrently.

4.  In 2010, after interacting with WM on blogs and chat rooms, Nichols became angry at WM for posting what he considered to be false and disparaging remarks on the blog at mcgrewsecurity.com. Nichols used various means to harass and mock WM, including setting up a derogatory website for WM, posting disparaging photo-shopped photographs of WM and ordering sex toys to be sent to WM's home. Specifically, on or about June 13, 2010, Nichols was using a Google chat session to communicate with WG. In this chat session, Nichols stated, "we mailed WM some sex toys." WG replied, "lol, are you serious" and Nichols said, "yeah I sent him a HUGE black d____o." Nichols also encouraged others to order and send sex toys to WM after obtaining email addresses, using the Google search ".msu.edu", to send such emails to individuals where WM worked for the purpose of embarrassing and harassing WM.

5.  Nichols also created or repurposed a bot[2] that used computer code to respond to certain keywords, by transmitting random insults to WM's internet relay chat (IRC) channel. This bot was programmed to send several specific messages, such as "F—k you n———r;" "why don't you s—k my d—k;" "shut your f———g mouth punk;" "I will slit your throat b—h;" "yea, im going to ride your face like a banana seat c————r;" "shut your hole c————r;" and "go f—k yourself d————e" randomly in response to key words typed in the IRC channel.

---

2 A bot as used herein is a software application that is created to perform an automated task.

6.  On or before May 2010, Nichols did knowingly and purposefully launch a denial of service attack against mcgrewsecurity.com, a domain name and webserver owned by security researcher WM. According to Nichols, this was done using the perl denial of service script 'Slowloris'. Nichols admits to using the tool in an attempt to cause damage to the protected computer system and deny service to mcgrewsecurity.com. IRC chat logs, located in the hard disk image of one of Nichols computers seized by the FBI (The computer with Windows 2000 installed). It contains records of irc discussions of this event which is direct evidence of this incident in IRC logs stored on said disk image. (directory on disk *\appdata\xchat\logs*\* ).

7.  As a result of Nichols' conduct, he intentionally caused damage to a protected computer without authorization. Also, the conduct caused loss to RWM during a one-year period of an aggregate value of $5,000.00 or more, but less than $6,500.00.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____    _____
CANDINA S. HEATH                  Date
Assistant United States Attorney
Texas State Bar No. 09347450
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel:  214-659-8600
Fax: 214-767-2846
candina.heath@usdoj.gov

I have read (or had read to me) this Factual Résumé and have carefully reviewed every part of it with my attorney. I fully understand it and swear that the facts contained herein are true and correct. I further represent that these facts do not constitute all the facts known to me, but simply are provided to support of the Plea Agreement.

_____     _March 31 - 2016_____
BENJAMIN EARNEST NICHOLS     Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Factual Résumé with the defendant. To my knowledge and belief, my client's decision to execute this Factual Résumé is an informed and voluntary one.

_____     ___4/4/2016_____
KEVIN B. ROSS     Date
Attorney for Defendant

Factual Résumé / Nichols - Page 5